IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PLASTIC RESEARCH AND DEVELOPMENT
CORPORATION, an Arkansas Corporation, and
EBSCO INDUSTRIES, INC., a Delaware Corporation           PLAINTIFFS

v.                         Civil No. 05-2163

HOUSTON CASUALTY COMPANY,
a Texas Corporation                                      DEFENDANT

## **O R D E R**

Before the court is the motion of plaintiffs EBSCO Industries, Inc. (EBSCO) and its wholly owned subsidiary Plastic Research and Development Corporation (PRADCO) to compel discovery from defendant Houston Casualty Company (HCC) (Doc. 11). HCC has filed a response. (Doc. 24).

HCC issued a liability insurance policy to EBSCO for the period March 2003 to March 2004. During the coverage period, Jim Gowing, a designer of fishing lures, brought a lawsuit in Sebastian County Circuit Court, *Gowing v. PRADCO,* No. CV 2004-463, claiming PRADCO failed to pay him for use of his lures. According to the plaintiffs, Gowing made two types of claims – breach of contract to pay royalties for use of "royalty lures" and unjust enrichment/conversion/breach of fiduciary duty regarding failure to pay for use of "non-royalty" lures.

Plaintiffs settled the lawsuit with Gowing and asked HCC to extend coverage. HCC refused, citing Exclusion P of the policy which excludes coverage for claims arising out of any actual or alleged breach of contract or agreement. Plaintiffs then filed an action in Sebastian County Circuit Court seeking, among other things, a declaratory judgment that coverage exists under the policy and a judgment for the portion of the settlement attributable to the covered claims. *PRADCO and*

*EBSCO v. HCC,* Case No. CIV-2005-1411. HCC removed the action to this court and filed an amended answer asserting denial of coverage pursuant to Exclusions P, D(1) and (2), F, G, and J.[1]

The discovery dispute centers on plaintiffs' Interrogatories Nos. 3, 6, 7, 8 and Requests for Production Nos. 9 and 11. The interrogatories seek information regarding (1) denial of other claims based on Exclusion P; (2) denial of other claims where the insured was sued for breach of contract and, additionally or in the alternative, for conversion, unjust enrichment or breach of fiduciary duty; (3) payment of other claims for "both covered and uncovered matters" as that phrase is used in paragraph (3) of page 12 of the policy; and, (4) payment of other claims where the claim, in whole or in part, was based on an allegation for conversation, breach of fiduciary duty or unjust enrichment. As to the other claims, plaintiffs seek personal information of the insureds, those making claims, and attorneys; policies and file numbers; dates HCC was notified of claims; short descriptions of dispositions of claims; information as to lawsuits; and, whether and what part of sums paid were attributable to covered matters, exclusive of defense costs. The requests are for copies of documents that pertain to the interrogatories.

Plaintiffs argue they are entitled to know about other claims denied by HCC on the same grounds used to deny plaintiffs' claim. HCC contends that other claim files are irrelevant because the instant dispute "involves the application of clear and unambiguous policy language to the particular facts and circumstances of the underlying lawsuit by Gowing. Whether coverage was denied properly in this case depends upon the application of the policy language to those facts – not the application of the same or similar policy language to different facts in a different case involving another insured." (Doc. 24, at 3).

---

[1]HCC withdrew defenses based on Exclusions A and B.

Rule 26(b)(1) provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." In resolving this case, determinations will be made as to whether, taking the contract as a whole, Exclusion P is expressed in clear and unambiguous language, as required, and whether and/or to what extent the facts of Gowing's lawsuit fall under this exclusion. Plaintiffs have not shown that HCC's past coverage decisions regarding the application of Exclusion P to other claims is relevant to a claim or defense in this action.

HCC further argues that providing the requested information will result in undue hardship. In particular HCC has presented information showing that 775 claim files involve insurance like that of plaintiffs where claims were made. However, HCC has no database, index, or other source of information to obtain the information requested and would have to manually review all claim files in their entirety, resulting in hundreds of hours of effort. Because I have found that plaintiffs have failed to show the discovery should be provided, I need not address this matter.

Accordingly, plaintiffs' motion to compel is hereby denied.

IT IS SO ORDERED this 30th day of August 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE