```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

PLASTIC RESEARCH AND
DEVELOPMENT CORPORATION, an
Arkansas Corporation, and
EBSCO INDUSTRIES, INC.,
a Delaware Corporation                           PLAINTIFFS

    V.                  No. 2:05-CV-02163

HOUSTON CASUALTY COMPANY,
a Texas Corporation                              DEFENDANT

## ORDER

Currently before this Court is Defendants' Motion for Summary Judgment (Doc. 98). After reviewing the pleadings and the evidence on file, including the Plaintiffs' Response in Opposition to Motion for Summary Judgment (Doc. 105) and Brief in Support (Doc. 106), in the light most favorable to the nonmoving party as required, the Court finds that there are issues of material fact which preclude summary judgment. Those include, but are not limited to, whether an oral agreement to allocate defense costs between the parties included settlement costs.

Additionally, the Court concludes that Alabama substantive law should apply. The Defendant contends that Alabama law controls the substantive issues in this case, while the Plaintiffs claim Arkansas law applies. In disputes arising under a contract, Arkansas applies the "most significant relationship" test to determine which state's substantive law

governs the contract issues. *Williams v. Carr,* 565 S.W.2d 400 (Ark. 1978). To determine which state has the most significant relationship, Arkansas courts consider (1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. *See Crisler v. Unum Ins. Co. Of Am.,* 233 S.W.3d 658 (Ark. 2006).

In the case before us, the contract was negotiated and entered into in Alabama. The contract was issued to EBSCO at its principal address in Birmingham, Alabama, and an EBSCO officer located in Alabama was responsible for acquiring the policy and handling claims. Def. Exh. 12 (Declarations, Item 1) and Bozzelli Dep. (10/31/06) at 13:11-19; Bozzelli Dep. (11/20/07) at 7:22-9:22. The contract was registered and delivered as a surplus line coverage under the Alabama Surplus Line Insurance Law, as evidenced by the official state stamp on the declarations page of the contract. Def. Exh. 12 (Declarations page). The place of performance was also in Alabama. The premiums were paid and all communications regarding the contract came from EBSCO in Alabama. Bozzelli Dep. (11/20/07) at 8:12-9:6, 10:5-9 and Def. Exhs. 8, 40, 42, 44, 46. Alabama counsel advised EBSCO on the policy coverage and the requests for payments of money to reimburse defense and settlement costs were sent from EBSCO in Alabama. Friedman Dep.

(11/1/06) at 13:15-19; Friedman Dep. (11/20/07) at 25:15-26:11, 30:23-31:15; Bozzelli Dep. (11/20/07) at 73:10-74:1.  Although the subject matter of the contract cannot be found to be in any single state, the fact that EBSCO was responsible for acquiring and maintaining the Policy and its principal place of business was in Alabama is significant.  The fact that the underlying litigation occurred in Arkansas and Separate Defendant, PRADCO, one of the entities covered by the Policy, is located in Arkansas is not sufficient to overcome these other factors.

Accordingly, the Defendants' motion for summary judgment (Doc. 98) should be and hereby is **DENIED**.  This case remains set for a jury trial on **February 19, 2008 at 9:00 A.M.**.

IT IS SO ORDERED this 23rd day of January, 2008.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge